CABLE *vs.* SYNDIC OF HAZLETON'S ESTATE.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH OF NATCHITOCHES.

In an hypothecary action of the wife against property in the hands of a third possessor, on which she claims to have a tacit mortgage for the restitution of her paraphernal effects, it is incumbent upon her to prove that her paraphernal property was actually received by her husband before the alienation of the object of her suit, or she will be nonsuited.

This suit was originally commenced by the hypothecary action in the District Court, against L. S. Hazleton, the third possessor of mortgaged property. During the pendency of the suit, Hazleton died, and it was transferred to the Court of Probates and continued against Ambrose Sompeyrac, syndic of Hazleton's creditors. He put in an answer, reiterating the charge of fraud and collusion in obtaining the wife's judgement, and that it could have no effect against Hazleton's estate. He denied that the plaintiff brought any dower or paraphernal effects into marriage, or that any such was received by the husband before the sale of the slave Norvall. He pleaded discussion of sundry property, which he alleged was sold subsequent to Hazleton's purchase, &c.

On the trial, the record of the wife's judgement against her husband was offered in evidence, as also one of *Cortis* vs. *Cable*, which were objected to by the defendant's counsel, as *res inter alios acta*, but were admitted by the probate judge, and a bill of exceptions taken.

The plaintiff had judgement for eight hundred and one dollars, the price for which Norval sold at the syndic's sale of Hazleton's succession, with the rank of a privileged creditor on the tableau of distribution filed by the syndic. The syndic appealed.

The plaintiff claimed her tacit or legal mortgage on two thousand dollars, as her *dot* from the 17th April, 1818, and for paraphernal effects from the seventh day of August, 1819, on five thousand five hundred and twenty-eight dollars, as

mentioned in a receipt to J. S. Johnston, dated December 17, 1821. [See *case of Cable* vs. *Coe et al. ante* 554.]

*Rost*, for plaintiff.

*Boyce*, for defendant, argued:

1. That by the act of 1817, if the wife has a legal mortgage on the property alienated by her husband, she is bound to proceed against that last sold, before coming on the present purchaser. *Session Acts* 1817, *chap.* —, § 21. *Code of Practice*, 715.

2. The donation by the husband to the wife is bad, because by the Spanish laws then in force, the former could not give more than one-tenth of his property. *Neu Recop. b.* 5, *tit.* 2, *laws* 1–2.

3. The legal mortgage accorded by law to the wife for her paraphernal estate, takes place only from the time the money or property came into his hands. She is expressly bound to prove the receipt of it, and the time when received by the husband. *L. Code*, 2367.

4. That in this case, although the note states on its face that the money was received as paraphernal, from the corporation of New-Orleans, in pursuance of a compromise made in August, 1819; yet it appears the money was not received until afterwards, and after the sale of the slave Norval.

5. If both husband and wife gave the receipt jointly, it is only evidence that the husband received but one moiety of it. *Planters' Bank* vs. *Lanusse*, 12 *Martin, N. S.* 166.

MARTIN, J., delivered the opinion of the court.

The defendants are appellants of a judgement by which a sum of eight hundred and one dollars was allowed to the plaintiff, as the proceeds of a negro slave sold by her husband to Hazleton, on the ground that she had a mortgage on her said husband's property for the sum of two thousand dollars,

Western Dis.
October 1832.

CABLE
vs.
HAZLETON
ET AL.

the amount of her dower, and that of five thousand five hundred and twenty-eight dollars, for the amount of her paraphernal estate, disposed of by her said husband.

Her claim is resisted on the ground that what she calls her dower, is nothing but a donation *propter nuptias* from her husband, which gave her no mortgage; and that the sale to Hazleton was made in October, 1819, at which period it is not proven that any part of the' paraphernal property had come into the hands of her husband.

We think the judge of the Probate Court erred in giving judgement against the defendant. The plaintiff's counsel in this court has abandoned her claim as to the dower; and it is not in evidence that any part of the paraphernal property had come to the husband's hands at the time of the sale to Hazleton. The only piece of evidence on which her counsel relies to show that her husband had received the paraphernal property for which she claims a mortgage, before he sold the slave, is a receipt of his for a note of the corporation of the city of New-Orleans, given on the compromise of some rights of hers. This compromise is stated in the receipt to have taken place in August, 1819. The sale of the slave was made in November following. But the receipt of the husband bears date of December, 1820, upwards of a year after the sale.

It was the province of the plaintiff to prove that her property was received by the husband before the sale. It cannot be assumed without any evidence that the note was given on the day of the compromise; and that Johnston to whom the husband gave this receipt, was his agent, and actually received it on the day the compromise bears date.

The judge below, in our opinion, erred in concluding that the mortgage of the plaintiff attached on the slave.

It is, therefore, ordered, adjudged, and decreed, that the judgement of the Court of Probates be annulled, avoided, and reversed; and that there be judgement for the defendants *as in case of a nonsuit*, with costs in both courts.

In an hypothecary action of the wife against property in the hands of a third possessor, on which she claims to have a tacit mortgage for the restitution of her paraphernal effects, it is incumbent upon her to prove that her paraphernal property was actually received by her husband before the alienation of the object of her suit, or she will be nonsuited.