These matters have not been brought before us, and we have only to decide on the legal effect of the alleged eviction, under the circumstances presented to us in evidence.

IV. The fact of the eviction, as alleged in the petition, is far from being established to our satisfaction.

The only evidence of it to which our attention has been directed, is the returns of the sheriff, which, between the present parties are only *primâ facie* evidence of the facts of which the sheriff could lawfully make return.

The returns to the writs under which the sale is said to have been made are: "*Satisfied by sale of steam-boat Mound City, 4 June,* 1844. *William Milburn, Sheriff.*" This is the return on each writ, of which there are four for different amounts.

On two of them there are memoranda of the costs having been paid by the *defendant,* as he is called.

There is no written sale of the steamer in evidence. The appellant has given no account of the proceeds of the sale, nor of their amount, and we find the steamer still in his possession without any documentary evidence, which always accompanies the transfer of property of this description.

On the evidence which has been adduced, and on that which the party was bound to produce in a case of this kind, and which has not been produced, we are at liberty to form but one conclusion, which the law imposes on all those who seek relief in a court of justice, and who do not furnish the best evidence which the nature of the case admits of—which is, that this evidence would not be favorable to their claims.

In relation to the alleged rescue of the steamer at New Madrid, previous to the sale, it is sufficient to observe that in any action of the plaintiffs against the steamer or her owners, founded on the fact of the rescue, they would be thrown back upon their original cause of action, in the case in which the rescue took place. The bill in chancery, and the evidence of *Mr. Blannerhasset,* furnish abundant means of defence to such an action.

We find no want of formality in the protests and notices to the endorsers.

*Judgment affirmed.*

---

## DUNBAR, Assignee, *v.* HOBBS.

THIS was an appeal from a judgment of the Commercial Court of New Orleans, *Watts,* J. The case was remanded for a new trial, with leave to the plaintiff to amend his petition. There was no decision on any of the questions involved in the controversy.

*L. C. Duncan* for the appellant. *Hoffman, Benjamin* and *Micou* for the defendant.