## RICHARDSON v. JOHNSON.

Compensation for the injury sustained by a purchaser in consequence of defects in the thing sold, can only be recovered by a redhibitory action, or by the action *quanti minoris*.

Where particular forms of action are prescribed by law, for the redress of injuries, they must be complied with.

Plaintiff alleged that he purchased a slave from defendant, for a certain price, fully guarantied, but that the slave was affected, at the time of the sale, with a permanent defect of vision, rendering him absolutely useless; that he did not discover the defect until he had removed the slave to Texas; and that he would return him and pray for an entire recision of the contract, but that he is prevented by the laws of the United States. He alleges that the slave has been of no value, but an expense to him. He prays that, as a means of doing him justice in part, defendant may be condemned to refund the price, with interest, &c., and for general relief. On an exception to the petition as insufficient in law: *Held*, that before plaintiff can recover the price, with interest, he must have made a tender of the slave, and have caused the sale to be rescinded; that the action was not intended to be an action *quanti minoris*, and cannot be considered as such; and that the petition must be dismissed.

A vendor does not warrant against an apparent defect which might have been discovered by simple inspection, unless it be shown that fraudulent means were used by him to conceal it at the time of the sale. C. C. 2497, 1841.

APPEAL from the District Court of the First District, *Buchanan*, J. The plaintiff alleges that he is a citizen of the republic of Texas; that he purchased from the defendant, a resident of New Orleans, a slave, about fourteen years of age, for the price of $400, which he paid; that the defendant warranted the slave "against the vices and maladies prescribed by law," as will appear from the notarial act of sale; that the boy was, at the time of the sale, affected by a disease of the eyes, occasioning a permanent defect of vision, in consequence of which he was and is absolutely useless to him; that he would return the slave, and pray for an entire recision of the contract, but that he is prevented from so doing by the laws of Congress; that he did not discover the defect in said slave, until after he had been carried into the republic of Texas. The petitioner further alleges that, he has received no value from the labour of the slave, but, on the contrary, that he has been, and continues to be at a large expense for his sustenance: Wherefore "he prays, as a means of doing him justice, in part at least, that the defendant be decreed to pay him the said sum of $400, with interest thereon, and costs of suit, and for other and further relief."

The defendant excepted to the petition as insufficient to support the action against him. The petition was dismissed, and the plaintiff appealed.

*T. A. Clarke*, who appeared for the appellant in this court, contended that, the action is for a reduction of price, and that no tender was necessary. Civ. Code, arts. 2519, 2520. 1 Mart. N. S. 317. 2 Troplong, Vente, § 580. Pothier, Vente, § 233. Merlin, *verbo* Redhibition.

*Moïse*, for the defendant. This is a redhibitory action. The plaintiff adopts the language of art. 2496 of the Civ. Code, alleging the slave to be "absolutely useless," and demands the whole price. A tender of the slave is necessary in such an action. It would be equally necessary in an action *quanti minoris*. Civ. Code, art. 2522. Plaintiff's omission to allege that defendant knew that the defects existed at the time of the sale, precludes him from contending that the claim for $400 is for damages. Civ. Code, art. 2523.

RICHARDSON
v.
JOHNSON.

The judgment of the court was pronounced by

Rost, J.*   The plaintiff, who was a citizen of the republic of Texas before its annexation to the United States, alleges that he purchased from the defendant, for the sum of $400, a slave which he took with him to Texas ; and that the slave was, at the time of the sale, affected by a disease of the eyes, occasioning a permanent defect of vision, by reason whereof the said slave is absolutely useless to him. He further avers that he would return the slave and pray for a reeision of the contract, but that he is prevented from doing so by the laws of Congress. He therefore prays that the defendant may be adjudged to pay him the sum of $400, with interest thereon, and the costs of suit. He also prays for general relief.

The defendant excepted to the plaintiff's petition, and the allegations therein contained, as insufficient in law to support the action against him.    The District Court sustained the exception, and the plaintiff has appealed from the judgment dismissing his petition.

The plaintiff contends that the petition substantially alleges an act of the defendant, which has caused damage to him, and that, under art. 2294 of the Civ. Code, the defendant is bound to repair that damage. If our Codes contained no special disposition for cases like the present, the action of the plaintiff might probably be maintained, under the general principle he invokes ; but our laws on the contract of sale, in defining the various remedies given to the purchaser by the action *ex empto*, have provided that such wrongs as the plaintiff complains of, can only be redressed by the action of redhibition, or the action *quanti minoris*.    It was therefore incumbent upon him to have resorted to one of those actions.    We are of opinion that he has failed to do so.   He alleges that he is prevented by the laws of Congress from returning the slave ; and while he retains the slave on that ground, he asks for judgment for the price and interest, and prays for general relief.   This he cannot legally do.   Before he can recover the price and interest, he must make a tender of the slave to the defendant, and cause the sale to be rescinded.    The plaintiff's counsel alleges that this may be considered as an informal action for the reduction of the price.   It was not so intended, and we do not consider ourselves at liberty to view it in that light. When particular forms of action are prescribed by law, it is necessary to an intelligent administration of justice that those forms should be complied with.

To prevent unprofitable litigation, it is proper to state that, under the general plea of the defendant, the allegations of the plaintiff are insufficient in law to maintain his action on other grounds.   He avers that the slave was affected, at the time of the sale, by a disease of the eyes, occasioning a permanent defect of vision ; but he does not charge the defendant with fraud.   A disease of the eyes is an apparent defect which he might have discovered by simple inspection, and against which the defendant does not warrant, unless he used fraudulent means to conceal it at the time of the sale.   Civil Code, arts. 2497, 1841.

*Judgment affirmed.*

---

* Eustis, C. J., did not sit on the trial of this case, having been of counsel for the defendant.