Hon. PIERRE ADOLPHE ROST, ⎫
Hon. GEORGE ROGERS KING, ⎬ *Associate Justices.*
Hon. THOMAS SLIDELL, ⎭

3   655
114  503

## PETERSON *v.* BURN.

Where the plaintiff in an action to rescind the sale of a slave on account of a redhibitory disease, and for damages for expenses incurred, presents a supplemental petition alleging that, since the commencement of the suit, he had sold the slave for a certain sum which was his full value, and reducing the claim for damages to that extent, the character of the action is not thereby changed; but, by disposing of the slave, the defendant placed it beyond his power to comply with the only judgment which could have been rendered in his favor—for the return of the slave, on the reimbursement of the price with damages.

Where a judgment has been rendered against a plaintiff in a redhibitory action, he cannot institute an action *quanti minoris* for the same cause. Nor can a plaintiff in a redhibitory action, who, by disposing of the slave affected with the redhibitory vice, has placed it beyond his power to comply with a judgment in his favor, change the action, by a supplemental petition, to one *quanti minoris.*

Damages for injuries sustained by a purchaser in consequence of redhibitory defects in the thing sold, can be recovered only in a redhibitory action, or an action *quanti minoris.*

APPEAL from the Fifth District Court of New Orleans, *Buchanan,* J. *Peyton* and *I. W. Smith,* for the appellant. *T. R. Wolfe,* for the defendant. The judgment of the court was pronounced by

KING, J. The plaintiff instituted this action to rescind the sale of a slave, and to recover damages, alleging that the slave was affected, at the date of the sale, with a redhibitory disease, which was known to the vendor, and not communicated to the plaintiff: and that he had been subjected to heavy charges for medical services rendered to the slave, and for attorney's fees. He subsequently presented a supplemental petition, in which he averred that, he had,

PETERSON
v.
BURN.

since the commencement of the suit, sold the slave for $300, which was her full value, and to that extent reduced his claim for damages. The district judge seems to have considered, that the supplemental petition changed the action to one for a reduction of the price; but, upon the evidence, gave a judgment in favor of the defendant, from which the plaintiff has appealed.

The character of the action was not changed by the supplemental petition. The original demand was for a rescision of the sale, and for damages. The supplemental petition merely reduced the claim for damages. The suit still preserved its original character of a redhibitory action. If the plaintiff had been successful, the judgment of the court would have decreed the return of the slave to the vendor, and the reimbursement of the price to the vendee, with such damages as he had sustained. By disposing of the slave, the plaintiff placed it beyond his power to comply with the only judgment asked for, or which could have been rendered in the event of success, and thus defeated his action. *Brown et al.* v. *Duplantier*, 1 Mart. N. S. 317.

But, if it be admitted that the object of the supplemental petition was to change the action into one for a reduction of the price, the condition of the plaintiff was not bettered by the attempted change. The sale of the slave, as we have seen, put an end to the redhibitory action. In that suit, he could no longer possibly prevail. The resort to that action, in which he was defeated, exhausted the remedy given to him by law, and precluded him from a recourse to the action *quanti minoris*, 10 Toullier, no. 163. Troplong, Vente, no. 581. He cannot be permitted indirectly, by amending his pleadings, to accomplish that which he is forbidden to do directly,

In the case of *Richardson* v. *Johnson*, 1 An. 390, we held that, under our legislation, the only remedies by which injuries resulting from redhibitory defects can be redressed, are the actions of redhibition, and *quanti minoris*. Damages for such wrongs can only be assessed by judgments rendered in one of those forms of action, and cannot be considered as a separate and independent demand. Having failed in the redhibitory action, and also in the attempt, if it is to be so considered, to convert it into an action *quanti minoris*, the claim for damages must also necessarily fail.                          *Judgment affirmed.*