No. 8870
Orleans

SOUTHERN COAL CO., Appellant, vs.
HERCULES CO., INC.

(November 16, 1925, Opinion and Decree)

*(Syllabus by the Court.)*

1. **Louisiana Digest—Sales—Par. 236, 249.**

Compensation for the injury sustained by a purchaser in consequence of defects in the thing sold can be recovered on it by a redhibitory action or by an action for the reduction of the price.

2. **Louisiana Digest—Action—Par. 39.**

Damages for such injury cannot be considered in a separate and independent demand.

Appeal from Civil District Court, Division "D". Hon. Porter Parker, Judge.

This is a suit for the price of coal. There was a demand in reconvention filed by the defendant.

There was judgment in favor of defendant dismissing plaintiff's demand as in a case of non-suit; and also dismissing defendant's reconventional demand as in a case of non-suit.

The plaintiff has appealed.

In the Court of Appeal defendant also, after filing an answer to the appeal filed a reconventional demand.

Judgment reversed maintaining plaintiff's demand and dismissing defendant's demand in reconvention.

Claude L. Johnson, of New Orleans, and Lemle, Moreno & Lemle, of New Orleans, attorneys for plaintiff, appellant.

M. M. Boatner, of New Orleans, attorney for defendant, appellee.

CLAIBORNE, J. This is a suit for the price of coal.

The plaintiff alleged that during the two months of October and November, 1917, and January, 1918, they sold and delivered to the defendants, the Hercules Company, Inc., seven carloads of coal, according to the itemized account annexed, amounting to $1500.12, which the defendants have refused to pay.

The itemized account annexed shows:

First: Cars 112,516 and 87,737, valued at $474.30.

Second: Cars 74,910 and 89,621, valued at $341.37; and

Third: Cars 72,455, 112,748 and 5862, valued at $684.45.

The defendant filed a general denial modified by the following allegations:

First: That it bought from the plaintiff and there was delivered to it the coal contained in cars Nos. 112,516 and 87,737, and that for the coal contained in said two cars defendant is indebted to plaintiff in the sum of $474.30.

Second: It denied having received from the plaintiff the two cars, Nos. 74,910 and 89,621, for which the charge is made on said account of $341.37, and therefore denies owing the said amount.

Third: Defendant further averred that for some time prior to October, 1917, it had been buying coal from the plaintiff which was satisfactory in quality; that during January, 1918, it ordered orally from the plaintiff three carloads of coal to be of a quality at least equal to the average of the coal previously bought; that pursuant to said order the plaintiff delivered to the defendant the following cars:

On January 7, one car, No. 72,455;

On January 12, another car, No. 112,748; and

On January 14, a third car, No. 5862.

That said coal so delivered, instead of being equal in quality to the coal previously delivered, was of the very lowest grade, containing a large proportion of foreign matter, and would barely make steam; that the coal was bought by defendant to be used in its levee building machine; that defendant used said coal, and when it discovered that the coal could not be

used, it endeavored to buy other coal, but that it was able to obtain other coal only on January 23, 1918; that with an average quality of coal the defendant could have handled in its levee-building machine during said period at least 17,000 cubic yards of material, but that by reason of the inferior quality of the coal delivered to it the machine was able to handle only 6195 cubic yards, making a loss of material handled 10,805 cubic yards; that it was paid at the rate of 22 7-10 cents per cubic yard, and that it lost by reason of the inferior quality of said coal $2452.73.

The defendant therefore claims in reconvention $2452.73, subject to a credit of $474.30.

There was judgment in favor of defendant dismissing plaintiffs' demand as in case of non-suit; and also dismissing defendant's reconventional demand and as in case of non-suit.

The plaintiff has appealed.

In this Court the defendant has filed an answer to the appeal praying that plaintiffs' demand be rejected and for judgment in its favor on the reconventional demand.

Defendant's reconventional demand could clearly not be entertained.

The Articles of the Code upon the subject are as follows:

C. C. 2520 (2496):

"Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect that it must be supposed that the buyer would not have purchased it had he known of the vice."

C. C. 2541 (2519):

"Whether the defect in the thing sold be such as to render it useless and altogether unsuited to its purpose, or whether it be such as merely to diminish the value, the buyer may limit his demand to the reduction of the price."

C. C. 2544 (2522):

"The action for a reduction of the price is subject to the same rules and to the same limitation as the redhibitory action."

In Richardson vs. Johnson, 1 La. Ann. 389, the Court said:

"Compensation for the injury sustained by a purchaser in consequence of defects in the thing sold can be recovered only by a redhibitory action or by the action quanti minoris for a reduction of the price.

"Damages for such wrongs can only be assessed by judgments rendered in one of those forms of action, and cannot be considered as a separate and independent demand or cause of action." Peterson vs. Burn, 3 La. Ann. 655.

These decisions were affirmed in Fisk vs. Proctor, 4 La. Ann. 562; Conzano vs. Auze, 10 La. Ann. 188, 12 Orl. App. 351.

The defendant, having admitted owing the first two cars of $474.30, and not having demanded a reduction of the price for the three last cars of $684.45, there remains for consideration only the two second cars valued at $341.37. Did they receive these two cars, 74,910 and 89,621?

The allegation that the coal in the three last cars was of an inferior quality and the demand for damages on that account does not constitute a demand for reduction of price. Richardson vs. Johnson, 1 La. Ann. 390.

The secretary-treasurer of the defendant company swears that these two cars were not received by them.

The only evidence produced by the plaintiff to show delivery are the two bills of lading, which are not sufficient. Although it appears by a letter of plaintiff's manager, dated December 31, 1917, that they were aware that defendants claimed that said two cars had not been delivered, plaintiffs have failed to show their delivery by any other evidence than the bills of lading.

Plaintiffs, however, attempted to prove that the coal was shipped F.O.B. Mines. Their manager swears to it. The defend-

ant's secretary denies this. The testimony of plaintiff's manager is contradicted by his letter of December 31, 1917.

In that letter, addressed to the Hercules Company, he says:

"Your total indebtedness to us is $2782.93. I believe that this will check up with your records. If, however, you have not received at Yancopin I. C. 89,621 and I. C. 74,910, you may deduct these two invoices from your remittance."

It is therefore ordered that the judgment appealed from be reversed and set aside; and it is now ordered that the defendant herein, the Hercules Company, Limited, be condemned to pay to the plaintiff herein, the Southern Coal Co., the sum of one thousand, one hundred and fifty eight and 75-100 dollars, with five per cent per annum interest from November 16, 1918, till paid, and all costs of suit.

It is further ordered that there be judgment in favor of the plaintiff, the Southern Coal Co., dismissing the reconventional demand of the defendant, the Hercules Company, Ltd., at its cost in both courts.