## SILK v. CROSSET SHOE SHOP

———

(Feb. 14, 1927.   Opinion and Decree.)

———

*(Syllabus by the Court)*

1. Louisiana Digest—Pleading—Par. 62; Sales—Par. 219.

A petition in a suit for damages for breach of warranty in sale of a pair of shoes shows no cause of action where the alleged defect was apparent to the buyer and there is no averment that the retail dealer knew of a hidden defect and fraudulently concealed it.

Appeal from Civil District Court, Division "C". Hon. E. K. Skinner, Judge.

Action by Abraham Silk against Crosset Shoe Shop.

Judgment for defendant and plaintiff appealed.

Judgment affirmed.

Arthur B. Leopold and Gerold Netter, of New Orleans, attorneys for plaintiff, appellant.

H. W. Robinson, of New Orleans, attorney for defendant, appellee.

## OPINION

JONES, J.   Plaintiff alleges that he purchased for eight dollars on September 5, 1925, a pair of low tan shoes from the defendant, who is engaged in the business of selling shoes at retail, that the right shoe of said pair was defective, carelessly and improperly made, in that the tongue of said shoe was placed too low in said shoe, and was also rough and thick, causing pressure on plaintiff's foot, that after defendant's salesman had measured plaintiff's foot, plaintiff selected a pair of shoes which defendant's salesman tried on plaintiff's feet, and assured, warranted and represented to plaintiff that said pair of shoes would fit; that, relying on the warranty and representation of defendant's salesman, plaintiff wore said pair of shoes for two days, when on the second day his right foot became swollen, inflamed and painful, and that he was compelled to cease wearing said pair of shoes. That plaintiff, with the pair of shoes in his hand, called at defendant's store and complained to defendant's salesman of the swelling, inflammation and pain in his (plaintiff's) right foot, when said salesman examined said right shoe and admitted to plaintiff that said right shoe was defective and carelessly and improperly made.

That because of the pain and swelling to his right foot, plaintiff sought the advice of a physician who examined plaintiff's foot, took his temperature, found that he had 101 degrees of fever, and ordered him to go to his home immediately and remain in bed.

That plaintiff remained in bed from September 8th, to September 19, 1925, under the treatment of physicians, during which time plaintiff suffered severe pain. As a result of said injury plaintiff sued for $2,196.00, which sum is itemized as follows:

| | |
|---|---|
| Doctor's bills | 32.00 |
| Value of shoes | 8.00 |
| Medicine | 5.00 |
| Two weeks' salary | 150.00 |
| Pain and suffering | 1,000.00 |
| Mental anguish | 1,000.00 |

Defendant filed a peremptory exception that the petition disclosed no cause of action, more particularly in this:

"The implied warranty of a dealer in merchandise does not cover personal inju-

ries of the sort referred to in the petition herein and caused, as alleged in the petition."

The exception was maintained and the suit dismissed and appeal was taken to this court.

For the purposes of this exception the allegations of the petition must be taken as true.

Paragraphs IV, V and VIII of the petition, which contain the crucial allegations, read as follows:

Par. IV. "That the right shoe of said pair of shoes was defective, carelessly and improperly made, in that the tongue of said shoe was placed too low in said shoe, and was also rough and thick, causing pressure on petitioner's right foot."

Par. V. "That after said defendant's salesman had measured petitioner's foot, petitioner selected a pair of shoes, which defendant's salesman then tried them on petitioner's feet and assured, warranted and represented to petitioner that said pair of shoes would fit."

Par. VIII. "That Monday, September 7, 1925, being Labor Day, a legal holiday, on which defendant's store was closed, petitioner was compelled to wait until the following day, when he called at said defendant's store with the pair of shoes in a package in his hand and complained to defendant's salesman of the swelling, inflammation and pain in his right foot, when your said defendant's salesman examined said right shoe and admitted to petitioner that said right shoe was defective and carelessly and improperly made."

In his supplemental brief plaintiff uses the following language:

"In the case before your Honors, plaintiff is seeking to recover damages for the violation of a contract on the ground of latent defects and by virtue of the implied warranty which goes with all sales."

Plaintiff quotes Article 1764, Sec. 2 of the Civil Code and various decisions of appellate court to the effect that the vendor warrants the thing sold as fit for the purpose intended. The truth of the principle and its wisdom and justice we fully admit, but the question before us is the extent to which the warranty goes.

The Civil Code provides and repeated decisions have imbedded the principle in our law that this warranty in the case of redhibitory actions and actions quanti minoris does not cover apparent defects; that is, such defects as the buyer might have discovered by simple inspection and that even where the defects are latent, in the absence of fraud and bad faith, the buyer is limited to the recovery of actual price.

In this case petitioner admits that he selected the shoes and tried them on and surely he had ample opportunity to discover that the tongue was misplaced, for such a defect is not only discernible by the eye, but here must have been called to his attention by the sense of touch, when the shoe was placed on his foot. Common sense tells us that the practice of trying on shoes, a custom universally followed, is for the only purpose of finding whether the shoe suits the individual taste of the buyer. Generally speaking, the retail dealer only warrants that the article is suitable for the purpose for which it is sold.

Had the plaintiff in this case alleged that there was poison in the leather which infected his foot when he first wore the shoe, he would have had a far stronger case, for such a defect could not have been discovered by ordinary inspection.

In the case of Flynn vs. Bedell Co., 242 Mass. 450, cited by plaintiff in his brief, the court found that the defect was hidden, because the fur was died and buyer had a right to rely upon seller's expert knowl-

edge of furs. But one necessarily sees the tongue of a shoe when he is trying it on and plaintiff must to some extent have realized that it was placed out of the ordinary, if its location was so unusual as to cause great pain later.

We are of the opinion that defect here here alleged was not hidden or latent defect and that plaintiff's suit was properly dismissed.

See Szymanski vs. Urquart, 5 La. Ann. 491; Decuis vs. Packwood, 5 Mart. (O. S.) 300 C. C. 2521.

But even if we should be mistaken on that point there is a time-honored principle in the civil law and as old as the famous case of Hadley vs. Baxendale in the common law to the effect that the obligee, in absence of bad faith, can only recover contemplated damages. Surely this case illustrates the wisdom of this fundamental principle, for without such limitation the daily transactions of our complex lives would be impossible. What retailer could possibly do business if he were liable for penalties in thousands of dollars as consequential damages for defects in articles sold for a trifle? Surely, no shoe retailer ordinarily contemplates a greater damage than the return of the price and cancellation of the sale, if the article proves unfit for use.

An obligee must always minimize his damages and if the shoe causes an abrasion of the skin on account of a misplaced tongue, it is the duty of the buyer to stop wearing the shoe at once and demand the return of his money or another equally valuable pair of shoes.

If the theory of plaintiff be well founded, the defendant might have continued to wear the defective shoe until amputation of the limb was necessary and still plaintiff would be responsible.

In the case of Doyle vs. Fuerst & Kraemer, 129 La. 838, 56 South. 906, cited by plaintiff, the Supreme Court held the maker of cakes and chocolate with whipped cream liable to plaintiff for one hundred dollars where the evidence showed that plaintiff suffered intense pain for two hours, believed that he was dying and later was the victim of jaundice.

They say on page 841:

"There is liability on the part of the seller for all damages that were foreseen or could easily have been foreseen."

Applying this principle here we hold that no such damages as those claimed in this petition were foreseen or could reasonably have been foreseen by defendant in this case.

In the case of Richardson vs. Johnson, 1 La. Ann. 389, plaintiff sued for four hundred dollars, damage caused by sale of a slave with defective vision, averring that he could not return the slave because he had carried the slave to the republic of Texas, whence Congress prohibited his transportation. He claimed under old Article 2294 of the Civil Code, which is at present Article 2315.

In maintaining an exception of no cause of action, Judge Rost uses the following language:

"If our Code contained no special disposition for cases like the present, the action of the plaintiff might probably be maintained under the general principle he invokes, but our laws on the contract of sale, in defining the various remedies given to the purchaser by the action 'ex empto' have provided that such wrongs as the plaintiff complains of, can only be redressed by the action of redhibition or the action 'quanti minoris', it was therefore incumbent upon him to have resorted to one of these."

This decision was affirmed in the case of Peterson vs. Burn, 3 La. Ann. 656, and

again in the case of Fisk vs. Proctor, 4 La. 562.

In the case of George vs. Shreveport Cotton Oil Co., 114 La. 498, 38 So. 432, plaintiff sued for fifteen hundred dollars, damages caused by defendant's breach of contract in manufacturing and delivering inferior cotton seed cake. In his petition for review to the Supreme Court, plaintiff alleged that this action was not redhibitory and not an action quanti minoris, but an action under 1930 C. C. The Supreme Court held that a manufacturer who sells his products presumptively knows the qualities thereof and is therefore liable for hidden defects; that this was an action "quanti minoris" and that plaintiff had failed to bring his suit in time.

Considering together the Doyle case (referred to on page 4) and the above four cases, we hold that our Supreme Court has decided as follows:

(1) That manufacturers are held to a higher degree of care than retailers.

(2) That claimants for damages for defects in articles sold by retailers are limited to actions quanti minoris or redhibitory actions and that damages greater than the value of the article sold can only be claimed when there is bad faith on the part of the vendor.

Hence we conclude that this petition is fatally defective because bad faith is not alleged.

Furthermore, this is a passive violation of the contract and there is no averment that defendant was ever put in default, which has been repeatedly held essential.

See Darragh vs. Vicknair, 126 La. 171, 52 So. 264.

Defel vs. Covington, 37 La. Ann. 661.

Livingston vs. Scully, 38 La. Ann. 781.

For above reasons the judgment is affirmed.